AIRPORT GROVE CORP. OF POLK COUNTY et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 25701.

United States Court of Appeals Fifth Circuit.

March 11, 1969.

William R. Frazier, Jacksonville, Fla., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Richard A. Pugh, Meyer Rothwacks, Frank X. Grossi, Jr., Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., E. J. Salcines, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

The question this case presents is whether the taxpayer presented sufficient evidence to create a jury question as to his "principal purpose" in forming fifteen corporations.

Roy L. Perdue and his wife owned and operated fifteen citrus groves in Alturas, Florida. In 1959 Perdue consulted John Miller, an attorney and accountant, concerning the desirability of incorporating the groves. On Miller's advice, Perdue incorporated each grove separately, and on October 1, 1959, each corporation took title to a citrus grove. The Commissioner proposed tax deficiencies for the fiscal years 1960 and 1961 on the ground that the taxpayer incorporated the groves to avoid the corporate surtax by dividing the income. The Commissioner allowed only two surtax exemptions. The taxpayer paid the alleged deficiencies, claimed a refund, which was denied, and filed a timely suit in the district court. In a pre-trial stipulation, the parties agreed that section 269 [1] of the

---

1. Int.Rev.Code of 1954, § 269:
 (a) In general.—if—
 (1) any person or persons, acquire, * * * directly or indirectly, control of a corporation * * * and the principal purpose for which such acquisition was made is evasion or avoidance of Federal Income tax by securing the benefit of a deduction, credit, or other allowance which such person

Internal Revenue Code of 1954 was the applicable statute, and that the sole question of fact was whether control of the fifteen corporations was acquired for the principal purpose of evading income tax by securing multiple surtax exemptions.[2] At the close of the taxpayers' case, the district judge, sitting with a jury, granted the Government's motion for a directed verdict. We reverse and remand.

## I.

Section 269 provides that if any person acquires control of a corporation and the principal purpose of this acquisition is evasion of income taxes by securing the benefit of a deduction, credit, or other allowance which he would not otherwise enjoy, then the deduction, credit, or allowance may be disallowed. The determination of the taxpayer's principal purpose in incorporation is a question of fact that depends upon the intent of the taxpayer at the time he acquires control of the corporation. See Southland Corp. v. Campbell, 5 Cir. 1966, 358 F.2d 333, 337; Green Light Co. v. United States, 5 Cir. 1968, 405 F.2d 1068. 7 Mertens, Law of Federal Income Taxation § 38.69 (1967). The taxpayer has the burden of proving that control was *not* acquired for the unlawful purpose. American Pipe & Steel Corp. v. Commissioner of Internal Revenue, 9 Cir. 1957, 243 F.2d 125. But, as this Court pointed out in *Green Light*: "[A] motion for a directed verdict should not be granted if there is substantial credible evidence which would support a verdict for the party against whom the motion is made; that if there is a conflict in substantial evidence, or if there is no conflict but reasonable minds may draw contrary inferences from the same evidence, then a jury question is presented. * * * In determining whether the evidence was

sufficient to create a jury question this Court must consider the evidence adduced in a light most favorable to the appellants, giving them the benefit of every favorable inference which might be fairly drawn therefrom. West v. Greyhound Corporation, (5 Cir. 1958), 254 F. 2d 541."

The taxpayer testified that he had incorporated each grove separately, rather than in one or two corporations, for legitimate business reasons: (1) five of the groves were infected with nematodes; he might have to abandon one or more of these groves; he could abandon a grove more easily if it were incorporated than if it were held in his single-family partnership; (2) he wished to limit the disruption of his business should some of his groves be used as sub-divisions or become phosphate-producing; (3) incorporation of each grove separately would restrict the liens and mortgages to those applicable to each grove and limit the liability for that particular grove; (4) incorporation would facilitate the taxpayer's estate planning. On the record as a whole, we conclude that reasonable men might draw the inference that the corporations were not created for the principal purpose of income tax evasion.

## II.

The district judge limited the testimony of John Miller to corroboration of the testimony of Roy Perdue. The taxpayer argues that Miller should have been allowed to testify as to the advice he gave concerning the incorporation of each grove separately. Although Miller is incompetent to say what the taxpayer had in his mind at the date the taxpayer acquired control of each corporation, Miller is competent to testify

or corporation would not otherwise enjoy, then the Secretary or his delegate may disallow such deduction, credit, or other allowance.

2. Although the parties stipulated that section 269 is the applicable and controlling statute, there is some question whether

section 269 was meant to apply to multiple surtax exemptions. See Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders 637 (2d ed. 1966). See also Coastal Oil Storage Co. v. Commissioner of Internal Revenue, 4 Cir. 1957, 242 F.2d 396.

to the background discussions and the legal advice he gave Perdue. These are part of the circumstances which must be considered in determining Perdue's purpose. Thus, the Senate Report on section 269 states: "[The determination of the purpose] necessarily requires a scrutiny of the entire transaction, or course of conduct, with all its surrounding circumstances." S.R.No.627 78th Cong., 1st Sess. at 59.

We therefore reverse and remand to the district court for disposition consistent with this opinion.